**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1074**

_____

AD HOC RESEARCH ASSOCIATES, LLC,

        Plaintiff - Appellee,

    v.

EVAN GERTIS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Brendan A. Hurson, District Judge.  (1:24-cv-03069-BAH)

_____

Submitted:  April 10, 2025                        Decided:  April 15, 2025

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Evan Gertis, Appellant Pro Se.  Vijay Mani, Aron Lucas Zavaro, THATCHER ZAVARO & MANI, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evan Gertis appeals the district court's order granting Ad Hoc Research Associates's petition for confirmation of its arbitration award and denying Gertis's motion to dismiss the petition.  On appeal, Gertis contends that the award should be vacated because the arbitrator denied him the opportunity to present his case fully.  Gertis also claims that he did not violate his employment contract and that Ad Hoc Research Associates had unclean hands and violated their duty of good faith and fair dealing.  We affirm.

We review de novo a district court's denial of a motion to vacate an arbitration award.  *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 723 (4th Cir. 2017).  Generally, "judicial review of an arbitration award in federal court is severely circumscribed and among the narrowest known at law." *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (internal quotation marks omitted).  "[A] federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the Federal Arbitration Act, *see* 9 U.S.C. § 10(a)." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006).  In reviewing an arbitration award, "our province is not to determine the merits of the dispute between the parties but rather to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 445 (4th Cir. 2020) (internal quotation marks omitted).

Having reviewed the record and the parties' submissions on appeal, we conclude that Gertis has not met the heavy burden for vacatur of the arbitration award.  Indeed, Gertis has not shown that the award was procured by corruption, fraud, or undue means or that

2

the arbitrator engaged in misbehavior within the meaning of 9 U.S.C. § 10(a)(1), (3), or that the arbitrator manifestly disregarded the law. *See Saroop*, 969 F.3d at 442 (explaining manifest disregard standard); *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 479-80 (4th Cir. 2012) (providing standard for challenge to arbitration award under § 10(a)(3)).

Accordingly, we affirm the district court's order denying Gertis's motion to vacate the arbitration award and granting Ad Hoc Research Associates' petition to confirm the award. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*